ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 NOV 14 PM 3:02

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-044 |
| | ) | |
| FNU ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at Valdosta State Prison ("VSP") in Valdosta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

---

[1] Although Plaintiff is currently incarcerated at VSP, his complaint concerns events that allegedly occurred at his prior places of incarceration, Telfair State Prison ("TSP"), located in Helena, Georgia, and Ware State Prison ("WSP"), located in Waycross, Georgia. (Doc. no. 1, p. 6.)

I.  **SCREENING OF COMPLAINT**[2]

A.  **Background**

Plaintiff names the following Defendants in his complaint: (1) Donald Barrow, the Warden at TSP; (2) Lieutenant Walter Wright, a correctional officer at TSP; (3) Tim Spires, the Deputy Warden of Security at TSP; (4) Sergeant Antonio Young, a correctional officer at TSP; (5) Dr. David Moore, a physician in the medical department at TSP; (6) Jane Doe I, a nurse at TSP; (7) Jane Doe II, a nurse at TSP; (8) Dr. Ed Bailey; (9) Danny Finn, Human Resources Manager; (10) Sandra Duncan, R.N.; (11) Dr. Peter Buckley; (12) Dr. Edward Burnside, a physician employed by a private company under contract with the Georgia Department of Corrections ("GDOC"); (13) Mary Gore, a nurse employed by the same company as Defendant Burnside; (14) Brian Owens, the Commissioner of the GDOC; (15) Lieutenant Anderson, a correctional officer at WSP; (16) FNU Busey, a correctional officer at WSP; (17) Darrell Hart, the Warden at WSP; (18) Lieutenant Gary Brooks, a correctional officer at WSP; (19) Sergeant Michael Turner, a Sergeant at WSP; (20) Sergeant Kim Lee, a correctional officer at WSP; (21) Sergeant Mike Griffin, a correctional officer at WSP; (22) Sergeant Julius Paytee, a correctional officer at WSP; (23) Randal Davis, a correctional officer at WSP; (24) FNU Carter, a "disciplinary investigator" at WSP; (25) Dr. Thomas Ferrell, a physician at WSP; (26) Hazel Vaughn, a physician's assistant at WSP; and

---

[2]Following submission of his original complaint, Plaintiff filed two motions to amend his pleadings. (Doc. nos. 5, 7.) The Court found that Plaintiff was entitled to amend his complaint but found that he had improperly attempted to do so in a piecemeal manner. (Doc. no. 10, pp. 2-3.) Accordingly, the Court instructed him to file a single amended complaint setting forth all of his allegations in a single document. (Id. at 3-4.) Rather than comply with this instruction, Plaintiff withdrew his requests to amend. (Doc. no. 11.) Therefore, the Court will proceed to screen only Plaintiff's original complaint.

2

(27) Gayle Farrah, a nurse at WSP. (Doc. no. 1, pp. 1, 4-7.) Plaintiff indicates that he is suing each Defendant in his or her individual and official capacities. (Id. at 1.)

According to Plaintiff, he was transferred to TSP in April of 2010 for "religious [and] therapeutic dietary reasons." (Id. at 7-8.) In particular, Plaintiff reports that he is a practicing Muslim and that, as a result, he has prisoner "profiles" for a restricted vegan diet and an exemption from the standard shaving requirements. (Id. at 8.) Plaintiff alleges that prison officials at TSP failed to follow his dietary restrictions, allowing him only to eat regular meals instead of "restricted vegan" meals. (Id. at 9.) Plaintiff states that he refused to eat any food "not in accordance with [his] religious belief" and that, as a result, he "did not eat for eleven days straight and became fatigued, eventually passing out." (Id.)

Plaintiff reports that medical personnel were eventually summoned, but that his fatigued condition prevented him from complying when he was told go to the cell door to be placed in handcuffs. (Id.) Plaintiff avers that a cell extraction team "entered the cell and slammed [Plaintiff] to the floor as [he] laid face down on the bed." (Id.) Plaintiff alleges that he was then placed in handcuffs, which were fastened too tightly, resulting in "marks, cuts, and a pinched nerve that caused numbness in [his] right hand." (Id.)

Plaintiff alleges that, following the cell-extraction incident, he was given a disciplinary infraction for "failure to follow." (Id. at 10.) A hearing was held on the matter that was presided over by Defendant Spires. (Id.) Plaintiff complains that his request to call two witnesses during the hearing was denied, following which Defendant Spires decided the matter adversely to Plaintiff, resulting in a "loss of all privileges." (Id. at 10-11.) Plaintiff additionally asserts that Defendant Spires retaliated against him for filing numerous

grievances by "approv[ing] false disciplinary reports" and "sustain[ing] guilty rulings" in unspecified disciplinary proceedings. (Id. at 14.)

Plaintiff also alleges that Defendant Young, a correctional officer at TSP, "sexually assaulted [Plaintiff] by touching [his] buttock while [he] was exiting the shower." (Id.) Plaintiff avers that Defendant Young inappropriately remarked to him at the time of the incident, "You got some big ol' hands, are they strong?" (Id.)

Furthermore, Plaintiff claims that he has Hepatitis C and that he has not received adequate medical care during his incarceration. (See id.) Plaintiff states that he suffers various Hepatitis-related symptoms, including "pain in his liver area, mild jaundice in the eyes, and attacks on his skin." (Id. at 12.) Plaintiff states that Defendant Burnside, a physician with a private company under contract with the GDOC, denied him treatment by failing to administer certain unspecified "tests." (Id.) Plaintiff also asserts, without any elaboration, that Defendants Moore, Baily, Duncan, Buckley, Burnside, and Gore "fail[ed] to provide adequate medical care for [his] serious medical need, violated, and continue to violate [his] rights under the Eighth Amendment." (Id. at 16.)

The remainder of Plaintiff's allegations concern his treatment by officials at WSP. (See id. at 10-14.) Because the Court determines below that Plaintiff's claims against WSP officials are not properly brought in this action, see infra Part I.B.7, such allegations will not be summarized in detail; however, the Court notes that Plaintiff alleges prison officials at WSP, *inter alia*, provided inadequate medical care, subjected him to excessive force, failed to follow his dietary restrictions, and retaliated against him for filing grievances. (See doc. no. 1, pp. 10-14.)

In his demand for relief, Plaintiff seeks monetary damages, as well as injunctive relief related to the punishment imposed as a result of his various disciplinary infractions. (See id. at 14-15.)

**B. DISCUSSION**

### 1. No Claim for Deliberate Indifference Against Defendants Moore, Baily, Duncan, Buckley, Burnside, and Gore

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for deliberate indifference to a serious medical need against Defendants Moore, Baily, Duncan, Buckley, Burnside, and Gore.

Although it is true that "[t]he Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs," Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999), to support a claim for deliberate indifference to a serious medical need, Plaintiff must meet a two-prong test. First, based on an objective standard, the alleged medical problem must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Id. at 835-39; Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (noting that the deliberate indifference standard requires that a prison official disregarded an excessive risk of which he was actually aware).

5

To show the deliberate indifference that would violate the Eighth Amendment, Plaintiff must allege that prison officials knew about and disregarded an excessive risk to his health or safety. See id. at 837. When subjectively weighing whether prison officials are deliberately indifferent, the courts require plaintiffs to show "more than mere negligence," and look for "obduracy and wantonness, not inadvertence or error in good faith." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (citation omitted); see also Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). To state a viable Eighth Amendment claim, Plaintiff must allege that the defendants acted with "deliberate indifference" to his medical needs, such as an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is essentially a wanton infliction of pain. Adams, 61 F.3d at 1543-44. Only when medical care is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness'" will the standard of "deliberate indifference" be met. Id. at 1544 (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Allegations of mere negligence or malpractice do not amount to deliberate indifference. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

The extent of Plaintiff's allegations regarding his medical treatment at TSP is that Defendant Burnside provided inadequate treatment for his Hepatitis C condition by failing to administer unspecified "tests" and that Defendants Moore, Baily, Duncan, Buckley, Burnside, and Gore "fail[ed] to provide adequate medical care for [his] serious medical need, violated, and continue to violate [his] rights under the Eighth Amendment." (Doc. no. 1, pp. 12, 16.) First, these allegations are simply too vague and conclusory to support the Eighth Amendment claim Plaintiff attempts to assert. See Taylor v. Singletary, 148 F.3d 1276, 1285

6

(11th Cir. 1998) (holding that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"); see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted). Second, assuming that Plaintiff's Hepatitis C constitutes an objectively serious medical need, Plaintiff's allegations are insufficient with regard to any of these Defendants being deliberately indifferent to that need. The alleged failure by Defendant Burnside to conduct unspecified tests is plainly inadequate as a factual basis for a claim of deliberate indifference, especially where the complaint neither indicates the type of tests at issue nor alleges any injury suffered as a result of not receiving the tests. See Goebert, 510 F.3d at 1326. Moreover, Plaintiff offers no indication of the type of treatment with which he was provided or how that treatment was inadequate.

Plaintiff has therefore failed to allege medical care that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Adams, 61 F.3d at 1544. Indeed, his non-specific allegations do not even rise to the level of negligence or malpractice, which do not amount to deliberate indifference to a medical need. Harris, 941 F.2d at 1505. Accordingly, Plaintiff has failed to state a claim against Defendants Moore, Baily, Duncan, Buckley, Burnside, and Gore for deliberate indifference to a serious medical need.

### 2. No Due Process Claim Against Defendant Spires

Plaintiff's complaint also fails to state a due process claim upon which relief can be granted against Defendant Spires. For Plaintiff's right to due process to have been violated,

he must have been deprived of life, liberty, or property; absent such deprivation, Plaintiff may not prevail on a due process claim irrespective of alleged procedural deficiencies in any disciplinary proceedings to which he was subjected. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In determining whether a protected interest is implicated and the Due Process Clause attaches in the prison context, the expectations created by state regulations are not conclusive, the nature of the sanctions imposed are. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Sanctions imposed by prison officials on inmates do not implicate due process concerns unless the sanctions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; see also Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (no due process violation unless "a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court" or "the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit imposes atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life" (quoting Sandin, 515 U.S. at 484)).

Here, Plaintiff has not alleged the infringement a protected life, liberty, or property interest; therefore, irrespective of any procedural inadequacies he alleges, such as not being allowed to call witnesses during his disciplinary proceedings, he fails to state a viable due process claim. Plaintiff merely alleges that his disciplinary proceeding conducted by Defendant Spires resulted in a "loss of all privileges." (Doc. no. 1, p. 11.) Again, this allegation lacks sufficient specificity and fails to provide adequate factual support for Plaintiff's attempted claim. See Taylor, 148 F.3d at 1285; Randall, 610 F.3d at 709.

Moreover, Plaintiff's allegation of being deprived of his "privileges" as a prisoner falls well short of a claim of the imposition of a hardship that infringes on a protected liberty interest. Cf. Sandin, 515 U.S. at 486 (placement in segregated confinement for 30 days does not infringe on protected liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (*per curiam*) (placement in administrative confinement for two months does not infringe on protected liberty interest).[3] Accordingly, Plaintiff has failed to state a due process claim upon which relief may be granted against Defendant Spires.

### 3. No Retaliation Claim Against Defendant Spires

Plaintiff likewise fails in his attempt to state a retaliation claim against Defendant Spires, in support of which he merely alleges that Defendant Spires "approv[ed] false disciplinary reports" and "sustain[ed] guilty rulings" against him in unspecified disciplinary proceedings in retaliation for the many grievances he filed while confined at TSP. (See doc. no. 1, p. 14.)

Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). A prisoner may state a cognizable § 1983 claim by alleging that the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing

---

[3]The Court is mindful that the Eleventh Circuit has "assumed" that a disciplinary sanction of twelve months of solitary confinement triggers procedural due process protections under Sandin. See Williams v. Fountain, 77 F.3d 372, 374-75 & n.3 (11th Cir. 1996). The instant case is readily distinguishable from Williams, however, as Plaintiff has not alleged that he was subjected to 12 months of solitary confinement; nor has he alleged any particular atypical hardships imposed as a result of his loss of privileges.

lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights." Id. at 1254. Of note, there must be a causal connection between the protected speech and the retaliatory action. Id. at 1250; O'Bryant v. Finch, 637 F.3d 1207, 1216-20 (11th Cir. 2011).

Plaintiff's attempted retaliation claim against Defendant Spires must fail because he offers nothing beyond a conclusory assertion of causation. In other words, Plaintiff simply alleges that, in retaliation for filing "numerous" unidentified grievances, Defendant Spires "approved" unspecified disciplinary reports and "sustain[ed] guilty rulings" in unspecified disciplinary proceedings. (Doc. no. 1, p. 14.) Yet Plaintiff fails to allege any facts from which it may be reasonably inferred that his grievances bear any causal relationship to Defendant Spires' alleged conduct concerning Plaintiff's disciplinary proceedings. See O'Bryant, 637 F.3d at 1220; see also Allen v. McDonough, Case No. 407-CV-469, 2011 U.S. Dist. LEXIS 107984, at *17 (N.D. Fla. Aug. 17, 2011) ("Conclusory allegations of retaliation without 'some facts' that would indicate the retaliatory act was in retaliation for filing grievances is not sufficient." (citation omitted)), *adopted by* 2011 U.S. Dist. LEXIS 103803 (N.D. Fla. Sept. 13, 2011). Plaintiff has therefore failed to state a retaliation claim upon which relief may be granted against Defendant Spires.

### 4. No Sexual Abuse Claim Against Defendant Young

Plaintiff's complaint fails to state a viable sexual abuse claim against Defendant

Young. As noted above, Plaintiff alleges that Defendant Young "sexually assaulted [Plaintiff] by touching [his] buttock while [he] was exiting the shower." (Doc. no. 1, p. 11.) Plaintiff also alleges that during this incident Defendant Young said to Plaintiff, "You got some big ol' hands, are they strong?" – a comment that Plaintiff characterizes as sexually suggestive. (See id.)

Under Eleventh Circuit law, "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). A plaintiff seeking to establish a valid Eighth Amendment sexual abuse claim must satisfy two requirements, one of which is objective and the other subjective. The objective component requires that the conduct at issue cause an injury that is "objectively, sufficiently serious," meaning an injury that is "more than *de minimis*." Id. (quoting Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997), and Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002)). The subjective component "requires the prison official have a 'sufficiently culpable state of mind.'" Id. (quoting Boddie, 105 F.3d at 861).

Here, Plaintiff has alleged a single incident of inappropriate touching, which plainly falls short of severe or repetitive sexual abuse. Moreover, Plaintiff has alleged no injury, physical or otherwise, resulting from the purported incident. Plaintiff therefore fails to satisfy the objective component of the applicable standard in that he has not alleged any injury, let alone an injury of sufficient gravity to establish an Eighth Amendment violation. Cf. Boxer X, 437 F.3d at 1111 (concluding that "a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than *de minimis* injury"); see also Allen, 2011 U.S. Dist. LEXIS 107984, at *14 (collecting cases

in support of the proposition that "one incident of non-violent harassment alone [is] not sufficient to meet the cruel and unusual punishment standard"). Accordingly, Plaintiff's complaint fails to state a viable claim of sexual abuse against Defendant Young.

### 5. No Claim against Defendants Wright and Jane Does I and II

Plaintiff also fails to state a claim against Defendants Wright and Jane Does I and II. Plaintiff does not mention these Defendants in his complaint aside from naming them in the caption and, as to Defendant Wright, including him in the parties from whom plaintiff seeks monetary compensation. (See doc. no. 1, pp. 1, 17.) Regarding the Doe Defendants, Plaintiff does not allege any action taken by an unknown party and, aside from indicating that they are nurses, he fails to provide any basis for determining their identity. However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between an alleged unconstitutional deprivation and the actions of Defendants Wright, Jane Doe I, and Jane Doe II, Plaintiff fails to state a claim for relief against these Defendants.

### 6. No Supervisory Liability Claim Against Defendants Owens, Spires, Duncan, Buckley, and Finn

Plaintiff attempts to hold Defendants Owens, Spires, Duncan, Buckley, and Finn responsible for the acts of their subordinates, which include several of the other parties named as Defendants in this case. (See doc. no. 1, p. 7.) However, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, aside from the inadequate attempted claims against Defendant Spires discussed above, nowhere does Plaintiff mention that these Defendants actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between these Defendants and the alleged constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible

---

[4]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

13

supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendants Owens, Spires, Duncan, Buckley, and Finn. Accordingly, Plaintiff has failed to state a viable supervisory liability claim against these Defendants.

### 7. Claims Against Prison Officials at WSP Are Unrelated and May Not Be Brought in This Action

As noted above, a significant portion of Plaintiff's complaint consists of allegations against prison officials at WSP, who include Defendants Anderson, Busey, Hart, Brooks, Turner, Lee, Griffin, Paytee, Davis, Carter, Ferrell, Vaughn, and Farrah (the "WSP Defendants"). However, a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000). As recognized by the Eleventh Circuit Court of Appeals in analyzing the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if

14

there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998) (*per curiam*).

Here, the claims that Plaintiff attempts to assert against the WSP Defendants are not sufficiently related to the other claims, which concern his confinement at TSP. Although the two sets of claims share some similarities as to their legal bases, they involve different Defendants, different time-frames, and different prisons. Indeed, the conditions and the conduct of Defendants at TSP and WSP appear to be wholly independent, and thus, they do not involve the "same transaction or occurrence."

Furthermore, WSP is located in Waycross, Georgia, in the Waycross Division of the Southern District of Georgia, whereas TSP is located in the Dublin Division. Under this Court's Local Rules, for an action consisting of claims against prison officials at TSP, venue is appropriate in this Division, whereas for an action consisting of claims against the WSP Defendants, the Waycross Division is the proper venue. See Loc. R. 2.1.

In sum, it is improper to join Defendants at TSP and WSP in a single action. Plaintiff's claims against the WSP Defendants should therefore be dismissed without prejudice, and the WSP Defendants should be dismissed from this case. Should Plaintiff choose to refile his claims against the WSP Defendants, he should do so by commencing a new action, including a new complaint and request to proceed *in forma pauperis*, in the Waycross Division of the Southern District of Georgia.[5]

### 8. No Official Capacity Claim for Monetary Damages

---

[5] Plaintiff should be aware filings in a case in the Waycross Division must be made with the Clerk, U.S. District Court, Post Office Box 8286, Savannah, Georgia 31412.

15

In light of the analysis in the preceding sections, the only Defendant against whom Plaintiff is entitled to proceed is Defendant Barrow, based on his allegation of being deprived of meals that comport with his religious beliefs.[6] As noted above, Plaintiff attempts to proceed against Defendant Barrow in both his individual and official capacities. (See doc. no. 1, p. 1.) Moreover, Plaintiff seeks an award of monetary damages against Defendant Barrow. (Id. at 17.) Notably, however, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claim for monetary relief against Defendant Barrows fails as a matter of law, and it should be dismissed.

## II. MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

The Court will also take this opportunity to address Plaintiff's "Motion for Imminent Danger of Serious Injury" (doc. no. 6), "Petition for Order as a Pro Se Litigant" (doc. no. 15-2), "Motion to Be Free of Interference with Courts" (doc. no. 18), "Motion for Access to Courts" (doc. no. 22),"Motion for a Temporary Restraining Order and Preliminary Injunction" (doc. nos. 23-1, 23-2), and "Motion for Outside Medical Care" (doc. no. 25).[7]

---

[6]In a simultaneously issued Order, the Court has directed that service of process be effected on Defendant Barrow based on this First Amendment claim.

[7]Plaintiff requests both a temporary restraining order and a preliminary injunction. (Id.) A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hospital Resource Personnel, Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.), but it is clear that Plaintiff does not seek to preserve the status quo. In any event, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

Despite the various titles Plaintiff has attached to these motions, they are all properly construed as motions for preliminary injunctive relief.

In his first three motions, Plaintiff seeks preliminary injunctive relief related to his medical care and alleged interference of his right to access to the courts resulting from prison officials allegedly not permitting Plaintiff certain "materials needed to successfully litigate."[8] (Doc. no. 18, p. 2.) Notably, these motions seek injunctive relief against prison officials at Georgia Diagnostic and Classification Prison, the facility where Plaintiff was incarcerated at the time he filed the motions. (See doc. nos. 6, 15, 18.)

An inmate's claim for injunctive relief against prison officials is ordinarily subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Here, Plaintiff's first three motions for preliminary injunctive relief pertain to officials at Georgia Diagnostic and Classification Prison. Moreover, the record makes clear that Plaintiff has been transferred to a different facility, VSP, meaning that he is no longer under control of the officials at his former facility or subject to the conditions of that facility. Furthermore, there is no indication that he will return to Georgia Diagnostic and

---

[8] The "materials" that Plaintiff seeks access to include paper, envelopes, and ink. (See doc. no. 15, p. 2; doc. no. 18, p. 1.) Of note, lack of such materials has clearly not prevented Plaintiff from submitting a multitude of filings in the instant action. (See, e.g., doc. nos. 4, 5, 6, 7, 11, 12, 13, 15, 16, 17, 18, 19, 21, 22, 23, 24.)

17

Classification Prison. Therefore, Plaintiff's first three motions for preliminary injunctive relief are moot and should be denied as such. (Doc. nos. 6, 15-2, 18.)

In Plaintiff's remaining motions for preliminary injunctive relief, he alleges that prison officials at his current place of incarceration, VSP, are interfering with his right to access to the courts by allowing him insufficient access to the prison law library; Plaintiff seeks an order requiring VSP officials to permit him "adequate access" to the library. (Doc. no. 22, pp. 1-2.) Plaintiff also alleges that he has been improperly subjected to disciplinary proceedings at VSP, and he seeks an order requiring officials at VSP "to cease retaliatory practices toward Plaintiff." (Doc. no. 22, p. 3; doc. no. 23, pp. 1-2.) Plaintiff additionally complains that his medical care is inadequate; thus, he requests an order allowing him to receive care at an outside facility. (Doc. no. 25.)

These remaining motions for preliminary injunctive relief must fail for lack of jurisdiction. Prison officials at VSP in Valdosta, Georgia, are not under this Court's jurisdiction; they fall under the jurisdiction of the Middle District of Georgia. No official from VSP has ever been served or made an appearance in this case. Accordingly, this Court does not have authority to direct VSP officials to take any action, and therefore, Plaintiff's requests that the Court do so (doc. nos. 22, 23-1, 23-2, 25) should be denied. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 919 (11th Cir. 2003) (affirming dismissal of case for lack of jurisdiction because party against whom relief was sought had not been properly served), *reh'g and reh'g en banc denied*, No. 03-11580 (Table), 2004 WL 503604 (11th Cir. Mar. 2, 2004). If Plaintiff wants to pursue federal litigation against officials at VSP, he must file a separate lawsuit in the Middle District of Georgia.

18

Furthermore, even if Plaintiff's motions for preliminary injunctive relief were justiciable – which they are not – they would still be subject to denial. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff's complaint asserts no claim for denial of his right to access to the courts; nor does his complaint assert any claims against officials at VSP or Georgia Diagnostic and Classification Prison. (See doc. no. 1.) Furthermore, as explained above, Plaintiff has failed to state a claim against Defendant Owens, and he has likewise failed to state a viable claim for retaliation or for deliberate indifference to a serious medical need. See supra Part I.B. Plaintiff has therefore plainly failed to demonstrate a substantial likelihood of success on the merits with regard to any of his requests for preliminary injunctive relief, which is a requisite element for establishing entitlement to such relief. See All Care Nursing Serv., Inc., 887 F.2d at 1537. As a result, Plaintiff's motions for preliminary injunctive relief are without merit in addition to being non-justiciable.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the following of Plaintiff's claims be **DISMISSED**: his claims of deliberate indifference to a serious medical need against Defendants Moore, Baily, Duncan, Buckley, Burnside, and Gore; his Due Process claim against Defendant Spires; his retaliation claim against Defendant Spires; his Sexual Abuse claim against Defendant Young; and his official capacity claim for monetary damages against Defendant Barrow. The Court further **RECOMMENDS** that the following Defendants be dismissed: Defendants Wright, Spires, Young, Moore, Jane Doe I, Jane Doe II, Bailey, Finn, Duncan, Buckley, Burnside, Gore, and Owens. In addition, the Court **RECOMMENDS** that all claims against the WSP Defendants be **DISMISSED** without prejudice. As a result, the Court **RECOMMENDS** that the following Defendants also be **DISMISSED** from this case: Defendants Anderson, Busey, Hart, Brooks, Turner, Lee, Griffin, Paytee, Davis, Carter, Ferrell, Vaughn, and Farrah. Finally, the Court **RECOMMENDS** that Plaintiff's first three motions for preliminary injunctive relief be **DENIED AS MOOT** (doc. nos. 6, 15-2, 18) and that his remaining motions for preliminary injunctive relief be **DENIED**. (Doc. nos. 22, 23-1, 23-2, 25.)

SO REPORTED and RECOMMENDED this 14th day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE