ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JAN 25 PM 3: 40

CLERK _CAdams_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 311-044 |
| FNU ANDERSON, et al., | ) ) | |
| Defendants. | ) ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 13, 14).[1]

Plaintiff's complaint attempted to assert a multitude of § 1983 claims arising under the First, Eighth, and Fourteenth Amendments against 27 Defendants, some of whom are prison officials at Telfair State Prison ("TSP"), located in Helena, Georgia, and others of whom are prison officials at Ware State Prison ("WSP"), located in Waycross, Georgia. (Doc. no. 1, p. 6.) Upon screening the complaint, the Magistrate Judge found, pursuant to Federal Rule of Civil Procedure 20(a), that Plaintiff's claims against the WSP Defendants were unrelated to

---

[1] Plaintiff has set forth objections to the R&R in two separate filings. (Doc. nos. 31, 32.) For ease of reference, the Court will hereinafter refer to both of these documents collectively as Plaintiff's "objections." Plaintiff also submitted a supplemental filing that was executed prior to the R&R but docketed afterward. (Doc. no. 29.) Because that filing does not affect the analysis set forth in the instant Order or the R&R, it warrants no further discussion.

the claims concerning his confinement at TSP. (Doc. no. 27, pp. 14-15.) Accordingly, the Magistrate Judge recommended that the claims against the WSP Defendants be dismissed without prejudice.[2] (Id. at 14-15.) The Magistrate Judge recommended that Plaintiff's remaining claims be dismissed for failure to state a claim, with the exception of Plaintiff's First Amendment individual capacity claim against Defendant Barrow, with respect to which service of process issued. (See id. at 5-14.) The Magistrate Judge also addressed Plaintiff's multiple motions for preliminary injunctive relief, recommending that the first three such motions be denied as moot and that the remaining ones be denied for lack of jurisdiction. (Id. at 16-19.)

Initially, the Court notes that Plaintiff's objections set forth a number of factual allegations not included in his original complaint, such as his statements regarding the conduct of Defendant Wright and the Doe Defendants, as well as his averment of being subjected to prolonged segregated confinement.[3] (See doc. no. 31, pp. 3, 5.) Plaintiff implores the Court to reject the Magistrate Judge's R&R based on these new allegations. (See id. at 2-5.) Notably, however, following submission of his original complaint, Plaintiff filed two motions to amend his pleadings. (Doc. nos. 5, 7.) The Magistrate Judge informed Plaintiff that he was entitled to amend his complaint but found that he had improperly attempted to do so in a piecemeal manner. (Doc. no. 10, pp. 2-3.) Accordingly, Plaintiff was instructed in clear terms to file a single amended complaint setting forth all of his allegations in a single document. (Id. at 3-4.) Rather than comply with this instruction, Plaintiff withdrew his requests to amend.

---

[2] The Magistrate Judge additionally noted that because WSP is located in the Waycross Division of this District, any future action involving the dismissed claims would require that Plaintiff commence a new case in that Division. (See doc. no. 27, p. 15.)

[3] Plaintiff provides no reason for failing to assert these allegations previously. (See doc. nos. 31, 32.)

2

(Doc. no. 11.)

Now, Plaintiff again seeks to amend his pleadings in an improper fashion by setting forth a series of allegations in his objections to be read in conjunction with his original complaint. The Court will not allow Plaintiff to amend his complaint in this manner. Because Plaintiff has failed to comply with the procedural rules governing amendments or the instructions provided by the Magistrate Judge, the Court will not consider the new allegations set forth in Plaintiff's objections to the R&R.[4] See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth by *pro se* litigant in objections where the party had the opportunity to present the argument to magistrate judge and failed to do so); see also United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (holding that district courts are not required to consider supplemental factual allegations presented for the first time in objections to a magistrate judge's report and recommendation).

Turning to the Magistrate Judge's determination of the claims set forth in the original complaint, Plaintiff's objections plainly fail to provide any reason to depart from the conclusions in the R&R. Thus, Plaintiff's objections are **OVERRULED**.[5]

---

[4]The Court recognizes that "[g]enerally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)) (punctuation omitted). Here, however, Plaintiff was not only given a chance to amend, he was explicitly instructed on how to do so properly. Moreover, the Court is neither dismissing this action with prejudice nor foreclosing Plaintiff from properly amending his complaint.

[5]Plaintiff's objections include a request to transfer his claims against the WSP Defendants to the Waycross Division rather than dismissing them without prejudice as recommended by the Magistrate Judge. The Court finds that transfer is not warranted in light of the fact that Plaintiff must commence a new case in order to refile such claims, which

3

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the following of Plaintiff's claims are **DISMISSED**: his claims of deliberate indifference to a serious medical need against Defendants Moore, Baily, Duncan, Buckley, Burnside, and Gore; his due process claim against Defendant Spires; his retaliation claim against Defendant Spires; his sexual abuse claim against Defendant Young; and his official capacity claim for monetary damages against Defendant Barrow. Consequently, the following Defendants are dismissed from this case: Defendants Wright, Spires, Young, Moore, Jane Doe I, Jane Doe II, Bailey, Finn, Duncan, Buckley, Burnside, Gore, and Owens. In addition, all of Plaintiff's claims against the WSP Defendants are **DISMISSED** without prejudice. As a result, the following Defendants are **DISMISSED** from this case: Defendants Anderson, Busey, Hart, Brooks, Turner, Lee, Griffin, Paytee, Davis, Carter, Ferrell, Vaughn, and Farrah. Finally, Plaintiff's first three motions for preliminary injunctive relief are **DENIED AS MOOT** (doc. nos. 6, 15-2, 18), and his remaining motions for preliminary injunctive relief are **DENIED** for lack of jurisdiction. (Doc. nos. 22, 23-1, 23-2, 25.)

SO ORDERED this 25th day of January, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

requires that he file a new complaint setting forth only those claims and that he either pay the full filing fee applicable to that action or move to proceed *in forma pauperis*. Therefore, Plaintiff's request for a transfer is **DENIED**. (Doc. no. 32.)

4