IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-044 |
| | ) | |
| DONALD BARROW, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 114).[1] In his recommendation, the Magistrate Judge advised that Defendant's motion to dismiss and Plaintiff's motion for preliminary injunctive relief be denied. The Magistrate Judge rejected Defendant's various arguments that Plaintiff failed to state a valid claim under 42 U.S.C. § 1983, and in particular, the Magistrate Judge rejected the argument that Plaintiff's allegations failed to allege sufficient facts to state a claim that Defendant is liable because of his supervisory position as Warden at Telfair State Prison ("TSP"). (See doc. no. 107, pp.

---

[1] Plaintiff also submitted a supplemental filing that was executed prior to entry of the Report and Recommendation but docketed afterward. (Doc. no. 109.) Because that filing does not change the analysis set forth in the instant Order regarding the Magistrate Judge's recommendation, it warrants no further discussion. Likewise, Plaintiff's response to Defendant's objections do not warrant further discussion, as Plaintiff primarily re-iterates his agreement with the Magistrate Judge's analysis concerning Defendant's motion to dismiss. (Doc. no. 121.)

5-8.) Defendant's objections focus on this supervisory liability portion of the Magistrate Judge's analysis, but he offers nothing to persuade the Court to deviate from the Magistrate Judge's conclusion that the motion to dismiss is due to be denied. Thus, Defendant's objections are overruled.

As to the recommendation that Plaintiff's motion for preliminary injunctive relief should be denied, the Court agrees with the Magistrate Judge's analysis as it was entered on July 31, 2012. (Id. at 13-17.) However, since the time of the entry of the recommendation, Plaintiff has notified the Court that he has been moved from TSP to Smith State Prison ("SSP") in Glennville, Georgia. (Doc. no. 110.) An inmate's claim for injunctive relief against prison officials is subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (*per curiam*); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (*per curiam*) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.") Thus, although the Court agrees that Plaintiff's motion does not satisfy the requirements for obtaining injunctive relief regarding his treatment at TSP, in light of Plaintiff's transfer to SSP, his motion for injunctive relief is **MOOT**.

Moreover, after entry of the July 31st Report and Recommendation, Defendant filed a new motion to dismiss, pursuant Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. (See doc. no. 112.) To briefly summarize, Defendant argues that because Plaintiff has been transferred from TSP to SSP,

thereby mooting his claims for injunctive relief, and because nominal monetary damages are not available to Plaintiff in this case, the complaint should be dismissed. (See id.) Importantly, however, Defendant acknowledges in his argument that the issue of the availability of nominal damages is not a settled question in the Eleventh Circuit.[2] (Id. at 5-9.) Plaintiff has filed his opposition to this newest motion to dismiss (doc. no. 115), and Defendant has filed a reply in support of his motion (doc. no. 120).

In light of these latest filings, the Court declines to adopt the portion of the July 31st Report and Recommendation concerning the filing of an answer and lifting the stay of discovery in this case that was put in place on February 21, 2012. (See doc. no. 107, p. 18.) Rather, until the Magistrate Judge has had an opportunity to fully analyze all of Defendant's arguments in the latest motion to dismiss and Plaintiff's opposition thereto in a Report and Recommendation, and until this Court has had an opportunity to take final action on the same, Defendant shall not be required to file an answer, and the stay of discovery shall remain in place.[3] Likewise, Defendant's obligation to respond to Plaintiff's pending motion for summary judgment shall continue to be stayed.

---

[2]Indeed, Defendant concedes that this Court has issued a ruling explaining that the provisions of 42 U.S.C. § 1997e(e), the statutory section upon which Defendant bases his argument concerning nominal damages, "may not preclude a prisoner from seeking nominal damages." Wilder v. Lawson, CV 110-109, doc. no. 15, pp. 7-9, *adopted by* doc. no. 17, 2011 WL 3703398, at *4 (S.D. Ga. July 26, 2011).

[3]As discovery in this case is stayed, Plaintiff's "Motion for Subpoena Duces Tecum," in which he requests the production of certain documents, is **DENIED**. (Doc. no. 113.) Even if discovery were not stayed, Plaintiff's motion for a subpoena would be denied. As was explained to Plaintiff in the Order entered in this case on November 14, 2011 (doc. no. 26, p. 8), the Federal Rules of Civil Procedure provide for serving discovery requests on the opposing party, not the Court, and if Plaintiff has difficulty obtaining requested information, he must file a motion to compel that complies with Fed. R. Civ. P. 37 and Loc. R. 26.5.

Accordingly, the Report and Recommendation of the Magistrate Judge, as modified herein, is **ADOPTED** as the opinion of the Court. Therefore, the motion to dismiss filed by Defendant is **DENIED** (doc. no. 39), and the motion for preliminary injunctive relief filed by Plaintiff is **MOOT** (doc. nos. 56-1, 56-2). The stay of discovery imposed in this case on February 21, 2012 (doc. no. 45) shall remain in place. The Magistrate Judge will take up the merits of Defendant's newly filed motion to dismiss (doc. no. 112) by Report and Recommendation, and upon final resolution of that motion, this Court will set, as necessary, new deadlines for Defendant to file an answer and a response to Plaintiff's pending motion for summary judgment, as well as for discovery and the filing of civil motions.

SO ORDERED this 20th day of September, 2012, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA