ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 NOV -9 PM 2:50
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-044 |
| | ) | |
| DONALD BARROW, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The case is presently before the Court on Defendant's second motion to dismiss. (Doc. no. 112.) Plaintiff has filed a response (doc. no. 115), and Defendant has filed a reply (doc. no. 120). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**.

I.    **BACKGROUND**

According to Plaintiff's complaint, he was transferred from Hays State Prison to Telfair State Prison ("TSP") in Helena, Georgia in April of 2010 for "religious [and]

---

[1]Although Plaintiff is currently incarcerated at GSP, his complaint concerns events that occurred at Telfair State Prison in Helena, Georgia.

therapeutic dietary reasons." (Doc. no. 1, pp. 7-8.)[2] Plaintiff alleges that, following his transfer to TSP, he was placed in segregated confinement because of a disciplinary infraction. (Id. at 8.) In addition, Plaintiff reports that he is a practicing Muslim and that, as a result, he had a prisoner "profile" for a restricted vegan diet at the time of the events alleged in his complaint. (Id.) Plaintiff alleges, in relevant part, that "while being in segregation at [TSP]," prison officials "continuously denied [his] restricted diet."[3] (Id. at 8-9.) Plaintiff states that he refused to eat any food "not in accordance with [his] religious belief" and that, as a result, he "did not eat for eleven days straight and became fatigued, eventually passing out." (Id. at 9.)

Because Plaintiff filed this case as a prisoner proceeding IFP, the Court screened his complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. Based on the allegations in his complaint, the Court, in an Order dated November 14, 2011, allowed Plaintiff to proceed with a First Amendment claim against Defendant, the Warden of TSP during the relevant time period, in his individual capacity for interference with Plaintiff's right to free practice

---

[2] Following his commencement of this action, Plaintiff filed multiple requests to amend his pleadings. (See doc. nos. 5, 7.) The Court informed Plaintiff that he was entitled to amend his complaint but instructed Plaintiff that he must set forth all his allegations in a single amended document rather than amend his pleadings in an improper piecemeal manner. (Doc. no. 10.) Plaintiff then withdrew requests to amend, choosing instead to rely on his original complaint. (Doc. no. 11.)

[3] Plaintiff states that, while he was confined with the general population prior to being placed in segregated confinement, he was denied a "restricted vegan tray" on a single occasion. (Doc. no. 1, p. 8.) However, the bulk of his allegations of interference with his religious diet concern the time he spent in segregated confinement. (See, e.g., id. at 8-9 ("Plaintiff has not been able to practice his religious practices while in segregation at [TSP]. . . . While being in segregation at [TSP, prison officials] continuously denied my restricted vegan diet." (emphasis added)).)

2

of religion.[4, 5] (Doc. no. 26.) Subsequently, Defendant filed his first motion to dismiss on January 27, 2012, contending that Plaintiff's complaint failed to state a claim upon which relief could be granted and that Defendant was entitled to qualified immunity. (Doc. no. 39.) On May 1, 2012, Plaintiff filed a motion for injunctive relief regarding alleged interference with his mail by officials at TSP. (Doc. no. 56.) The Court, in a Report and Recommendation ("R&R") dated July 31, 2012, recommended denying both motions.[6] (Doc. no. 107.)

---

[4]In allowing Plaintiff to proceed with this claim, the Court noted that supervisory officials such as Defendant "are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." (Doc. no. 26, p. 5 n.3 (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).) However, the Court found that is was appropriate for Plaintiff's First Amendment claim to proceed against Defendant because it could be reasonably inferred from the complaint that the purported interference with Plaintiff's right to free practice of religion was the result of a facility-wide custom or policy. (Id.)

[5]Upon screening Plaintiff's complaint, the Court, on November 14, 2011, additionally recommended that numerous additional claims, as well as the 26 other individuals named as defendants in Plaintiff's complaint, be dismissed from this action. (Doc. no. 27.) The Honorable Dudley H. Bowen, Jr., United States District Judge, adopted that recommendation as the opinion of the District Court on January 25, 2012. (Doc. no. 38.)

[6]Before the Court issued its July 31, 2012 R&R, Plaintiff submitted a series of filings containing a number of allegations. (See doc. nos. 57, 60, 62-65, 69, 71-81, 84-87, 91, 94, 95, 99-101, 103.) In the July 31, 2012 R&R, the Court explained that some of these filings contained new allegations that were not made in the complaint, and thus advised Plaintiff again that he could not amend his complaint in piecemeal fashion. (See doc. no. 107, p. 17 n.11.) The Court further advised Plaintiff that he must comply with the applicable procedural requirements for amending his complaint as they had been explained to him in the Court's June 29, 2011 Order. (See id.; see also doc. no. 10.)

3

On August 7, 2012, Plaintiff notified the Court that he had been transferred from TSP to Smith State Prison ("SSP").[7] (Doc. no. 110.) The Honorable J. Randal Hall, United States District Judge, then adopted the July 31, 2012 R&R on September 20, 2012. (Doc. no. 123.) In his adoption order, Judge Hall agreed with the analysis in the R&R for denying Defendant's first motion to dismiss, but deviated from the analysis in the R&R and ruled that Plaintiff's motion for injunctive relief regarding his mail was moot in light of his transfer to SSP.[8] (See doc. no. 123, pp. 1-2.)

Defendant, meanwhile, filed the instant motion to dismiss on August 10, 2012. (Doc. no. 112.) Defendant now argues that Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject-matter jurisdiction. (See generally doc. no. 112.) Specifically, Defendant argues that Plaintiff only seeks injunctive relief against Defendant with respect to his First Amendment claim, and that his claim for injunctive relief should now be dismissed as moot in light of Plaintiff's transfer from TSP. (See id.) Defendant further contends that the mootness of Plaintiff's request for injunctive relief mandates dismissal of the entire complaint because Plaintiff does not seek money damages and nominal damages are not available as a matter of law. (See id.)

---

[7] Plaintiff has since notified that the Court that he has again been transferred, this time to GSP. (Doc. no. 130.)

[8] Plaintiff submitted a filing that Judge Hall construed as a motion for reconsideration of the September 20, 2012 adoption order on October 4, 2012. (Doc. no. 127.) Judge Hall denied the motion in an Order dated October 10, 2012. (Doc. no. 128.) Plaintiff then filed another objection to the September 20, 2012 adoption order, as well as a response to Judge Hall's October 10, 2012 order. (Doc. nos. 129, 133.)

4

Plaintiff argues in response that he is still entitled to injunctive relief despite the transfer, and that he seeks nominal damages against Defendant. (See doc. no. 115.) Defendant filed a reply in which he maintains that Plaintiff did not seek money damages in his complaint and is not entitled to nominal damages. (See doc. no. 120.)

## II. DISCUSSION

### A. Plaintiff's Claim for Injunctive Relief is Moot

Defendant's first contention in his motion to dismiss is that Plaintiff's claim for injunctive relief is moot because Plaintiff has been transferred from TSP and because Defendant is no longer the Warden at TSP. (Doc. no. 112, pp. 3-4; doc. no. 120, p. 1.) In his response, Plaintiff somewhat confusingly argues that injunctive relief is "intended to prevent future injuries," and that "[t]he injury has now already happened to [] [P]laintiff by yet transferring him to SSP where he cannot receive a diet for religious means, in which he has a right to do so." (Doc. no. 115, p. 3.) For reasons explained more fully below, Defendant's motion to dismiss Plaintiff's claim for injunctive relief should be **GRANTED**.

#### 1. Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion under Rule 12(b)(1) asserts that the Court lacks subject-matter jurisdiction over the lawsuit or a particular claim. Specifically, by challenging a claim as moot, a party calls into question the adjudicating court's subject matter jurisdiction to hear the claim, since a moot claim fails to present the sort of case or controversy that Article III requires for a federal court to hear the claim. Spencer v. Kemna, 523 U.S. 1, 7 (1998); 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 101.02 (3d ed. 2010) ("Because Article III

5

is a limit on judicial power, a court will not have subject matter jurisdiction over an action absent the requisite case or controversy."). When resolving a fact-based attack on jurisdiction, a court may consult materials outside the pleadings without incurring the usual effect of converting the motion into a motion for summary judgment. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)[9] ("[Rule 12(d)] provides that a motion to dismiss for failure to state a claim will be automatically converted into a motion for summary judgment (Rule 56) if the court considers matters outside the pleadings . . . . This protection is not, however, provided the plaintiff who faces dismissal for lack of subject matter jurisdiction." (footnote omitted)); see also Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir.), *cert. denied*, 555 U.S. 1074 (2008) (noting that in deciding matters in abatement, such as jurisdiction, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes"). Moreover, the usual presumption that the allegations in Plaintiff's complaint are true does not apply in resolving factual attacks on subject-matter jurisdiction. Williamson, 645 F.2d at 412.

### 2. Plaintiff's Transfer Moots His Claim for Injunctive Relief

As discussed above, supra Part I, Plaintiff is proceeding against Defendant in this case based on allegations in his complaint that he was denied meals in accordance with his religious beliefs while he was in segregated confinement at TSP. In his complaint, Plaintiff seeks an injunction "ordering [him] to be released from segregation into general

---

[9] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

population."[10] (Doc. no. 1, p. 16.) Here, because Defendant has asserted that Plaintiff's claim for injunctive relief is moot, thereby challenging the Court's subject matter jurisdiction over that claim, the Court will exercise its authority to consider materials outside of Plaintiff's pleadings. Specifically, the Court observes that on August 7, 2012, Plaintiff submitted a notice to the Court that he had been transferred from TSP to SSP, and that on October 12, 2012, Plaintiff submitted a notice that he had been transferred from SSP to GSP. (Doc. nos. 110, 130.)

An inmate's claim for injunctive relief against prison officials is ordinarily subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (*per curiam*); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (*per curiam*) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Here, Plaintiff has been transferred from TSP, and his request for injunctive relief relates solely to being placed in segregated confinement at TSP.[11] Accordingly, Defendant's motion to dismiss Plaintiff's claim for

---

[10]Plaintiff also seeks injunctive relief with respect to his medical care and his disciplinary convictions (see doc. no. 1, p. 16), but, as noted earlier, his deliberate indifference, due process, and retaliation claims have been dismissed (see doc. no. 27, pp. 5-10, *adopted by* doc. no. 38).

[11]The Court is aware that the general rule that transfer moots a prisoner's request for injunctive relief may not apply if a prisoner is likely to return to the facility from which he has been transferred or if the transfer was effected to avoid the jurisdiction of the adjudicating court. See McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984);

7

injunctive relief as moot should be **GRANTED**.

### B. Plaintiff's Complaint Is Not Subject to Dismissal Under 42 U.S.C. § 1997e(e)

Defendant next contends that, because Plaintiff's seeks solely injunctive relief for his First Amendment claim rather than money damages, and because nominal damages are unavailable under 42 U.S.C. § 1997e(e), Plaintiff's complaint must be dismissed in its entirety.[12] (See doc. no. 112, pp. 4-9; doc. no. 120, pp. 2-3.) Plaintiff maintains in his response that he has alleged a physical injury and is entitled to at least nominal damages. (See doc. no. 115.) For reasons explained more fully below, Defendant's motion to dismiss Plaintiff's complaint in its entirety should be **DENIED**.

---

Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975); Romano v. Rambosk, No. 2:06-cv-375-FtM-29DNF, 2010 WL 2732005, at *3 (M.D. Fla. July 9, 2010). Here, however, while Plaintiff alleges that he was transferred "as a tactic by the defendants to render plaintiff's injunctive relief moot" (doc. no. 115, p. 2), there is still no indication that Plaintiff will be again be placed in segregated confinement at TSP (even if he were transferred back there). Accordingly, there is no reason to depart from the general rule.

[12]Defendant states in his motion that Plaintiff does not seek damages for his First Amendment claim, but rather only seeks damages from Defendant for his due process claims, which have been dismissed. (See doc. no. 112, p. 2 n.2.) Plaintiff now asserts in his response to the instant motion that he does seek compensatory and punitive damages against Defendant (See doc. no. 115, p. 2.) The Court agrees with Defendant, however, that Plaintiff does not request such damages from Defendant for his First Amendment claim in his complaint. (See doc. no. 1, pp. 15-17.)

Notably, Plaintiff has been repeatedly instructed on the proper procedure for amending his complaint. (See doc. nos. 10, 107.) As Plaintiff has not complied with that procedure here, the Court declines to interpret his response to the instant motion as a motion to amend his complaint.

8

1. **Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)**[13]

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Finance, Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, granting a motion to dismiss is disfavored and rare. Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (*per curiam*). Finally, while factual allegations in the complaint must be taken as true when considering a motion to dismiss, there is no requirement that the Court

---

[13] As noted earlier, Defendant's motion is premised on the Court's lack of subject-matter jurisdiction due to Plaintiff's claim for injunctive relief being mooted by his transfer. Defendant's remaining contention is that, if Plaintiff requests nominal damages, that request "must be denied as the relief sought is prohibited under 42 U.S.C. § 1997e(e)." In Douglas v. Yates, 535 F.3d 1316, 1320-21 (11th Cir. 2008), the Eleventh Circuit Court of Appeals held that § 1997e(e) provides an affirmative defense, not a jurisdictional limitation. Accordingly, the proper standard for evaluating Defendant's motion with respect to nominal damages is Rule 12(b)(6), dismissal for failure to state a claim.

must accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (*per curiam*). With these principles in mind, the Court turns its attention to the instant motion to dismiss.

### 2. Nominal Damages Are Not Foreclosed by 42 U.S.C. § 1997e(e)

Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. 1997e(e). Defendant thus contends that because Plaintiff is not entitled to injunctive relief and does not allege a physical injury,[14] his complaint must be dismissed in its entirety. According to Defendant, this is because § 1997e(e) "bars actions, not modes of recovery." (Doc. no. 112, p. 7.) In support, Defendant observes that in Napier v. Preslicka, 314 F.3d 528, 533 (11th Cir. 2002) and Douglas v. Yates, 535, F. 3d 1316, 1321 (11th Cir. 2008), the Eleventh Circuit Court of Appeals affirmed the dismissal of an entire complaint for failure to allege physical injury, without considering whether it could be construed to request nominal damages, or indeed discussing nominal damages at all.[15]

---

[14]Plaintiff contends in his response that he does allege physical injury in his complaint, namely that he did not eat for eleven days and eventually fainted. (See doc. no. 115, p. 4; doc. no. 1, p. 9.) Because the Court concludes that Plaintiff's complaint does not seek compensatory or punitive damages with respect to his First Amendment claim and is not subject to dismissal under § 1997e(e) because of the availability of nominal damages, it need not resolve whether he sufficiently alleged physical injury in his complaint. Rather, the Court will assume *arguendo* that Plaintiff has not alleged physical injury.

[15]Defendant also cites Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (*en banc*), where the Eleventh Circuit emphasized that "'no' means no" with respect to § 1997e(e)'s provision that "[n]o Federal Civil Action may be brought . . . ." 216 F.3d at 985. The question

10

As Defendant acknowledges, however, the availability of nominal damages to a prisoner plaintiff who fails to allege a physical injury remains an unresolved issue in the Eleventh Circuit. See Al-Amin v. Smith, 637 F.3d 1192, 1199 n.10 (11th Cir. 2011) ("We also stress that this opinion does not address [plaintiff's] ability to recover nominal damages, as this issue is not presently before us."); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Texas, 131 S. Ct. 1651 (U.S. 2011) ("[I]n earlier cases, we have suggested that §1997e(e) does not preclude a prisoner from seeking nominal damages if he can establish that he has suffered a constitutional injury."); Boxer X v. Harris, 437 F.3d 1107, 1111 n.3 (11th Cir. 2006) ("We note that the availability of nominal damages under the PLRA has not been resolved in our circuit."). Indeed, Defendant even concedes that this Court has issued a ruling explaining that § 1997e(e) "may not preclude a prisoner from seeking nominal damages." Wilder v. Lawson, CV 110-109, doc. no. 15, pp. 7-9, *adopted by* doc. no. 17, 2011 WL 3703398, at *4 (S.D. Ga. July 26, 2011) (hereinafter "CV 110-109").

Defendant also acknowledges that the Eleventh Circuit, in Hughes v. Lott, 350 F.3d 1157, 1162-63 (11th Cir. 2003), reversed a district court's *sua sponte* dismissal of a complaint under § 1997e(e) and directed the court to consider on remand whether the complaint could be liberally construed to request nominal damages and whether nominal

---

the court was answering in Harris, however, was whether there were any exceptions to the physical injury requirement in § 1997e(e), namely for constitutional claims. See id. The Court was not deciding whether the complaint was subject to dismissal for failure to seek a particular type of relief.

11

damages were available under § 1997e(e). In doing so, the Court provided, "Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Id. at 1162 (citing Carey v. Piphus, 435 U.S. 247, 255 (1978)).

Relying on Hughes, the Eleventh Circuit, in an unpublished decision, concluded that "a prayer for nominal damages is not precluded by § 1997e(e)" and reversed dismissal of a complaint with the directive to the district court to consider whether a *pro se* prisoner's complaint could be construed to request nominal damages. See Williams v. Brown, 347 F. App'x 429, 436-37 (11th Cir. 2009); see also Bates v. Anderson, CV 210-088, doc. no. 33, pp. 9-10, *adopted by* doc. no. 42, 2011 WL 2550466, at *5 (S.D. Ga. May 9, 2011); Lamb v. Ferrell, CV 509-011, doc. no. 73, pp. 30-31, *adopted in relevant part by* doc. no. 84, 2010 WL 3784174, at *16 (S.D. Ga. July 16, 2010) (noting availability of nominal damages to prisoner plaintiffs in light of Williams). Similarly relying on Hughes, this Court, in Wilder, concluded that "nominal damages [were] available" to a prisoner who alleged a violation of his right to bodily privacy under the Fourteenth Amendment, despite his failure to allege a physical injury. See CV 110-109, doc. no. 15, p. 9, *adopted by* doc. no. 17.

Here, Plaintiff has been allowed to proceed based on his allegation of interference with his right to freely practice his religion under the First Amendment. (See doc. no. 1, pp. 7-9.) Nominal damages are available for violations of the First Amendment. See Familias Unidas v. Briscoe, 619 F.2d 391, 402 (5th Cir. 1980) ("We believe that the rationale of Carey similarly requires an award of nominal damages upon proof of infringement of a fundamental

12

First Amendment liberty.") In light of the aforementioned precedent, the Court concludes that nominal damages are available for Plaintiff's claim under § 1997e(e). Thus, the Court will next consider whether Plaintiff's complaint can be liberally construed to request nominal damages.

### 3. Plaintiff's Complaint Can Be Liberally Construed to Request Nominal Damages

Defendant argues that Plaintiff only seeks injunctive relief with respect to his First Amendment claim and that his request is now moot in light of his transfer. (See doc. no. 112, p. 2 n.1; doc. no. 120, p. 2.) But dismissal is not justified simply because a plaintiff seeks relief in his complaint to which he is not entitled. Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978) ("[A] federal court should not dismiss a meritorious constitutional claim because the complaint seeks one remedy rather than another plainly appropriate one."); see also Williams v. Brown, 347 F. App'x 429, 436-37 (11th Cir. 2009) (directing district court on remand to consider whether complaint could be construed to request nominal damages when compensatory and punitive damages were foreclosed by § 1997e(e)); Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002) (Posner, J.) (finding that district court erred in dismissing a complaint under Rule 12(b)(6) where it could have construed the complaint to seek monetary relief when equitable relief proved to be unavailable).

While the complaint must contain a demand for the relief sought under Fed. R. Civ. P. 8(a)(3), the demand for relief is not part of the plaintiff's claim, and thus "failure to specify relief to which the plaintiff *was* entitled would not warrant dismissal under Rule

13

12(b)(6)." Bontkowski, 305 F.3d at 762 (emphasis added) (citations omitted). The test is instead whether the plaintiff has presented enough facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp., 550 U.S. at 570 (2007). In this regard, the Court is mindful that a *pro se* complaint is held to less stringent standards than formal pleadings drafted by a lawyer, and thus the Court will interpret Plaintiff's complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Among his requests for relief, Plaintiff asks that the Court "[g]rant such other relief as it may appear that [P]laintiff is entitled." (Doc. no. 1, p. 17.) The Court thus liberally construes Plaintiff's complaint to request nominal damages. See Holloway v. Bizzaro, 571 F. Supp. 2d 1270, 1272 (S.D. Fla. 2008) ("Complaints which have been liberally construed to raise a request for nominal damages or equitable relief contain such phrases as 'such other relief as may appear that Plaintiff is entitled' or similar language."); Linehan v. Crosby, No. 4:06-cv-00225-MP-WCS, 2008 WL 3889604, at * 13 (N.D. Fla. June 26, 2008), *adopted by* 2008 WL 3889604 (N.D. Fla. Aug. 20, 2008) ("Plaintiff did seek 'such other relief as this Court may deem just and appropriate.' The court should construe the complaint liberally as seeking nominal damages.") (internal citation omitted).

Because the availability of nominal damages under § 1997e(e) has not been foreclosed by the Eleventh Circuit, and because Plaintiff's complaint has been liberally construed to request nominal damages, Defendant's motion to dismiss Plaintiff's complaint in its entirety under 42 U.S.C. §1997e(e) should be **DENIED**.

14

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. no. 112.) Should this recommendation be adopted as the opinion of the District Court, Defendant should be required to file an answer to Plaintiff's complaint within 14 days of such adoption, consistent with Federal Rule of Civil Procedure 12(a)(4)(A). Furthermore, the stay of discovery currently in place should be lifted, and a Scheduling Notice setting the deadlines in this case should issue upon the filing of Defendant's answer. Finally, the Court notes that Plaintiff has a pending motion for summary judgment, and Defendant's obligation to respond to that motion was stayed pending resolution of a prior motion to dismiss (see doc. no. 68, p. 3), and the stay was extended pending resolution of the instant motion to dismiss (see doc. no. 123, p. 3). If the Court's recommendation is adopted as the opinion of the District Court, Defendant should be required to respond to Plaintiff's motion for summary judgment within 45 days of such adoption, consistent with the terms of the Court's May 31, 2012 Order.[16] (Doc. no. 68, p. 3.)

SO REPORTED and RECOMMENDED this 7th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[16] As noted in the prior Order, Defendant is not foreclosed from requesting an additional extension of time in which to respond to Plaintiff's summary judgment motion by filing a motion that complies with Federal Rule of Civil Procedure 56(d). (See doc. no. 68, p. 3.)