IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-044 |
| | ) | |
| DONALD BARROW, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 136).[1] The Magistrate Judge concluded that Plaintiff's claim for injunctive relief should be dismissed as moot, but that Plaintiff should be allowed to pursue nominal damages for his First Amendment claim of interference with his right to free practice of religion. As the Magistrate Judge explained, there had been in place a stay of discovery and of Defendant's obligation to respond to Plaintiff's motion for summary judgment pending resolution of Defendant's second motion to dismiss. The Magistrate Judge thus also recommended that the stay be lifted and that Defendant should respond to Plaintiff's motion for summary judgment within 45 days of

---

[1] Plaintiff submitted a "Response to U.S. Magistrate Judge the Honorable W. Leon Barfield," which the Court liberally construes as objections. (Doc. no. 136.) In his objections, Plaintiff states that he objects to Defendant Barrow not being "liable by indirect participation." (Id. at 1.) Notably, however, Plaintiff is referring to analysis from a prior Order by the Magistrate Judge which was merely referenced in the R&R as part of the procedural history of this case. (See doc. no. 134, p. 3 n. 4 (citing doc. no. 26).) Plaintiff's objections in no way call into question the analysis set forth in the R&R concerning his claims for injunctive relief or nominal damages.

adoption of his recommendation.

However, as noted when the stay was first put into place (see doc. no. 68, p. 3), Defendant has not provided an adequate explanation for why he is unable to respond to Plaintiff's motion for summary judgment. Thus, given the length of time the motion for summary judgment has been pending, the narrowing of the issues in this case, and the absence of anything in the record suggesting more time is needed, Defendant shall submit a response to Plaintiff's motion for summary judgment within twenty-one (21) days of the date of this Order.[2]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court as modified herein. Therefore, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. no. 112.) Plaintiff's claim for injunctive relief against Defendant is **MOOT**, but Defendant's motion to dismiss Plaintiff's complaint in its entirety is **DENIED**. The case shall thus proceed only on Plaintiff's First Amendment claim for nominal damages against Defendant. Moreover, as the Magistrate Judge recommended, the stay of discovery in this case is lifted, and Defendant shall file an answer to Plaintiff's complaint within 14 days of the date of this Order, consistent with Federal Rule of Civil Procedure 12(a)(4)(A). Upon the filing of Defendant's answer, the Clerk shall issue a Scheduling Notice setting the deadlines in this case.

SO ORDERED this 13th day of December, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]If Defendant cannot respond within this time, the Court expects that he will file a motion that fully complies with Federal Rule of Civil Procedure 56(d) within fourteen (14) days of the date of this Order explaining why more time is needed.