ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC -4  AM 10: 04

CLERK _C Adams_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-044 |
| | ) | |
| DONALD BARROW, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 171). The Magistrate Judge recommended granting Defendant's summary judgment motion because (1) Plaintiff had failed to show that Defendant, the Warden at Telfair State Prison, was liable as a supervisor for the alleged constitutional violation of failure to provide meals that accommodate Plaintiff's religious preferences; and (2) Defendant was entitled to qualified immunity. (Doc. no. 169.)

Plaintiff's objections are mainly a reiteration of contentions previously made and rejected by the Magistrate Judge. One point, however, warrants further comment. Plaintiff states that Defendant's personal connection to the alleged violation is proven by his prison profile history, provided by Plaintiff now for the first time, which indicates that he received a restricted vegan diet beginning on September 8, 2009 at Macon State

Prison, until April 22, 2010, while incarcerated at Telfair State Prison. (Id. at 7.) This profile merely suggests that Plaintiff initially had a restricted diet plan while at Telfair State Prison and was removed from it by someone. Nothing in Plaintiff's profile history shows that Defendant personally removed Plaintiff from the program or is otherwise responsible for his removal. (See doc. no. 171, p. 7.) Additionally, this new evidence offered by Plaintiff directly contradicts his own admission that he was not on the Alternative Entrée Program list upon his arrival at Telfair State Prison. (Id. at 2.) Thus, as the Magistrate Judge correctly found, Plaintiff has produced no evidence of either Defendant's personal participation in the alleged constitutional violation or a causal connection between Defendant and the alleged violation. (Doc. no. 169, pp. 8-10.) Moreover, this evidence does not change the Magistrate Judge's conclusion that Defendant is entitled to qualified immunity. (See Doc. no. 169.)

Accordingly, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant's motion for summary judgment is **GRANTED**, a final judgment shall be **ENTERED** in favor of Defendant, and this civil action is **CLOSED**.

SO ORDERED this ___ day of December, 2013, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE